IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LOBE SCIENCES, LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY OF MIAMI, <br><br> Defendant. | Case No. 1:23-cv-20288 |

**PLAINTIFF LOBE SCIENCES, LTD.'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**GIBBONS P.C.**
2054 Vista Parkway
Suite 400
West Palm Beach, FL 33411-4309
Direct: 561-537-7600
*Attorneys for Plaintiff*
*LOBE SCIENCES, LTD*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

    I.    PROCEDURAL HISTORY ................................................................................................ 3

    II.    LEGAL STANDARD ........................................................................................................ 3

    III.    ARGUMENT ....................................................................................................................... 4

        A.    Defendant's Motion to Dismiss Plaintiff's Breach of Contract Claim Should be Denied. ............................................................................... 4

        B.    Defendant's Motion to Dismiss Plaintiff's Unjust Enrichment Claim Should be Denied. .................................................................................... 6

        C.    Defendant's Shotgun Pleading Argument Is Moot and Should Be Denied. ............................................................................................................... 7

    IV.    CONCLUSION ................................................................................................................... 8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*,
  77 F.3d 364 (11th Cir. 1996) ...................................................................................................7

*Bracewell v. Nicholson Air Services, Inc.*,
  680 F.2d 103 (11th Cir. 1982) .................................................................................................3

*Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*,
  No. 17-cv-22462-UU, 2018 U.S. Dist. LEXIS 16702 (S.D. Fla. Jan. 31, 2018) ......................5

*Colodny v. Iverson, Yoakum, Papiano & Hatch*,
  838 F. Supp. 572 (M.D. Fla. 1993) ..........................................................................................3

*Conley v. Gibson*,
  355 U.S. 41, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957) ....................................................................3

*Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.*,
  719 F. Supp. 1072 (M.D. Fla. 1989) ........................................................................................6

*Dixon v. First Fin. Asset Mgmt.*,
  No. 12-CV-80953, 2013 U.S. Dist. LEXIS 198745 (S.D. Fla. Aug. 21, 2013) .......................6

*Donnelly v. Circuit City Stores, Inc.*,
  No. 5:06-cv-387-OC-10GRJ, 2007 U.S. Dist. LEXIS 20571, 2007 WL
  896337 (M.D. Fla. Mar. 22, 2007) ...........................................................................................7

*In re Ginn-La St. Lucie Ltd., LLLP*,
  2010 Bankr. LEXIS 6324, 2010 WL 8756756 (Bankr. S.D. Fla. Dec. 10,
  2010) ........................................................................................................................................3

*Hishon v. King & Spalding*,
  467 U.S. 69, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984) ..............................................................4

*Int'l Star Registry of Illinois v. Omnipoint Mktg., LLC*,
  510 F. Supp. 2d 1015 (S.D. Fla. 2007) ....................................................................................4

*Miller v. Donald*,
  541 F.3d 1091 (11th Cir. 2008) ...............................................................................................8

*National Org. for Women v. Scheidler*,
  510 U.S. 249, 114 S. Ct. 798, 127 L. Ed. 2d 99 (1994) ...........................................................4

*Scheuer v. Rhodes*,
  416 U.S. 232, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974) .............................................................3

<mark>

*Skinner v. Switzer*,
    562 U.S. 521 (2011)......................................................................................................3

*ThunderWave, Inc. v. Carnival Corp.*,
    954 F.Supp. 1562 (S.D.Fla. 1997) .................................................................................1

*Weiland v. Palm Beach Cty. Sheriff's Office*,
    792 F.3d 1313 (11th Cir. 2015) .....................................................................................7

*Williams v. Bear Stearns & Co.*,
    725 So. 2d 397 (Fla. Dist. Ct. App.1998) .....................................................................6

*Wistar v. Raymond James Fin. Servs.*,
    365 F. Supp. 3d 1266 (S.D. Fla. 2018) .........................................................................4

**Rules**

Fed. R. Civ. P. 8(a)(2)..........................................................................................................3

Fed. R. Civ. P. 8(d)(2)..................................................................................................1, 6, 7

Fed. R. Civ. P. 8(d)(3)..........................................................................................................7

Fed. R. Civ. P. 12(b)(6)........................................................................................................3

Fed. R. Civ. P. 15(a) .......................................................................................................1, 8

Rule 8 ..................................................................................................................................5

Plaintiff Lobe Sciences, Ltd. ("Lobe") by and through their counsel, Gibbons P.C., submit this opposition to Defendant University of Miami's ("University") motion to dismiss.

### PRELIMINARY STATEMENT

Particularly when judged against the liberal standards that control a motion to dismiss predicated on the natures of pleadings rather than the substance of a party's allegations, the Defendant's current motion is just a delay tactic to avoid getting to the merits of this case. The arguments regarding the alleged lack of detail and specificity in the Plaintiff's 37 paragraph complaint are particularly specious. While Defendant seeks to dismiss the case on the basis the Plaintiff's current complaint is a "shotgun" pleading without the requisite specificity, the Defendant ignores the detail and particulars set out in the Plaintiff's current 37 paragraph complaint. While Lobe firmly disagrees with Defendant's contention, to avoid a waste of time and indeed judicial resources on this issue, Plaintiff has filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a). This amended pleading further allows the Court to weigh the merits of Defendant's motion to dismiss for failure to state a claim – an application which Plaintiff firmly believes the Court will deny for the reasons stated herein.

Defendant's arguments are riddled with distortions of Plaintiff's claims and misstatements of governing law. Defendant moves to dismiss the breach of contract and unjust enrichment claims, and argues that one may not plead alternative claims, even though Fed. R. Civ. P. 8(d)(2) and *ThunderWave, Inc. v. Carnival Corp.,* 954 F.Supp. 1562, 1566 (S.D.Fla. 1997) say just the opposite.

The facts here are simple, and Lobe's breach of contract and unjust enrichment claims are straightforward. It is undisputed the parties entered in a Collaborative Research Agreement

1

("Agreement") on or about September 1, 2020.[1] In particular, the Agreement governed the parties' obligations regarding a study that was designed to examine a novel combination of products administered orally (medicines), and to determine whether those medicines could be given safely and produce an affect related to the treatment of PTSD and traumatic brain injury with PTSD ("Study"). The University was obligated to report "all data from testing undertaken in connection with the [Study]" and provide quarterly reports documenting the data. *See* Complaint at ¶¶10, 11.

During the life of the Agreement, Lobe paid over $750,000. Despite many requests the University has not provided scientific data from testing undertaken in connection with the Study. Complaint at ¶ 25. Further, the Agreement permitted any party to terminate the Agreement if in its sole judgment determined the Study would not achieve a positive outcome. Complaint at ¶¶ 12, 26. By failing to supply the quarterly reporting demanded by the Agreement, the University prevented Lobe from being able to decide if the Study warranted continuation beyond payments already made pursuant to Section 8.1 of the Agreement. The Agreement called for the quarterly reporting so that Lobe could expediently and timely exercise its judgment on whether the Study would achieve a positive outcome. The Complaint clearly articulates this situation. *See* Complaint at ¶ 27.[2]

Moreover, the University has been unjustly enriched because it was provided quantities of psilocybin by Lobe despite the fact all materials were supposed to be procured by the University. This was essentially an additional payment made by Lobe to the University, which it was not

---

[1] Lobe is hesitant to include the full Agreement, including the scope of work, which includes sensitive scientific details of the study, on the public docket. As the University, in its moving papers, does not dispute the existence of the Agreement, Lobe likewise does not file the full Agreement with its papers. Should the Court find the Agreement is necessary to adjudicate this motion, Lobe will produce a copy of the Agreement *in camera*.
[2] The termination of the Agreement would have also terminated the University's further work and claims for additional payments- much akin to the old adage of "not throwing good money after bad."

obligated to do under the Agreement. Without the additional psilocybin by Lobe, the University would not have been able to continue the Study.

Accordingly, rather than any further delays, Defendant's motion should be denied, it should be forced to file an answer, and this case should move forward.

**I.      PROCEDURAL HISTORY**

Plaintiff filed its original complaint containing two counts, for breach of contract (Count 1) and unjust enrichment (Count II) on January 25, 2023. (ECF No. 1)  Defendants moved to dismiss Plaintiff's original complaint on February 15, 2023. (ECF No. 8). Plaintiff files its Amended Complaint simultaneously with this opposition brief (ECF No. 9).

**II.     LEGAL STANDARD**

A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); *Bracewell v. Nicholson Air Services, Inc.*, 680 F.2d 103, 104 (11th Cir. 1982). In reviewing a motion to dismiss, the court is required to view the complaint in the light most favorable to the plaintiff and accept all allegations as true. *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F. Supp. 572, 573 (M.D. Fla. 1993) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974)).

"The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." *In re Ginn-La St. Lucie Ltd., LLLP*, 2010 Bankr. LEXIS 6324, 2010 WL 8756756, at *2 (Bankr. S.D. Fla. Dec. 10, 2010) (internal quotations and citations omitted). Fed. R. Civ. P. 8(a)(2) requires "only a plausible 'short and plain statement of the plaintiff's claim,' not an exposition of [the plaintiff's] legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

A motion to dismiss should ***only*** be granted where the plaintiff can prove no set of facts upon which relief could be granted. *National Org. for Women v. Scheidler*, 510 U.S. 249, 114 S. Ct. 798, 803, 127 L. Ed. 2d 99 (1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229(1984)).

**III.    ARGUMENT**

    **A.    Defendant's Motion to Dismiss Plaintiff's Breach of Contract Claim Should be Denied.**

In order to state a claim for breach of contract under Florida law, a plaintiff must plead that there was (1) a valid contract, (2) a material breach, and (3) damages. *Int'l Star Registry of Illinois v. Omnipoint Mktg., LLC*, 510 F. Supp. 2d 1015, 1022 (S.D. Fla. 2007).

In its motion to dismiss, Defendant disingenuously posits that it does not know what terms of the actual contract were breached.[3] In fact, Plaintiff did identify the actual terms of the contract that were breached. Plaintiff both identified the relevant contract sections at issue, *see* Complaint (ECF No. 1) at ¶9-12 and that these provisions were breached. *See id*. at ¶18-24.

To be sure, Plaintiff just needs to identify the actual terms, ***not quote them***. *See Wistar v. Raymond James Fin. Servs.,* 365 F. Supp. 3d 1266, 1270 (S.D. Fla. 2018). In its Complaint, Lobe also stated "[t]he University acted in bad faith and breached the parties' Agreement by not delivering all interim results from the Study and yet insisting on full payment." *See* ECF No. 1 at ¶ 28. Moreover, the Complaint alleges "[b]y its breach of contract, the University prevented Lobe from being able to decide if the Study warranted continuation beyond payments already made." *Id*. at ¶ 25.

---

[3] The University concedes an express contract existed between the parties so for the sake of brevity Lobe does not discuss that element of a breach of contract claim.

The Plaintiff's complaint specifically cites the contractual duties of the Defendant by reference to the relevant sections of the Agreement and then alleges that the Defendant breached those contractual requirements by explaining what the Defendant failed to do. The cited allegations in the Complaint (reiterated in the Amended Complaint) are more than enough to defeat a motion to dismiss under the *Twombly* standard. *See Circuitronix, LLC v. Shenzen Kinwong Elec. Co.*, No. 17-cv-22462-UU, 2018 U.S. Dist. LEXIS 16702, at *18 (S.D. Fla. Jan. 31, 2018) ("To satisfy Rule 8, a complaint must set forth a <u>short and plain statement</u> of the facts that gives the defendants fair notice of the claims and the grounds upon which they rest.") (emphasis added).

It is undeniable that those allegations gave Defendant "notice of the claims and ground upon which they rest." Anyone reading the complaint can plainly understand what is being asserted. However, while not necessary, Plaintiff has filed an Amended Complaint[4] adding factual allegations under Count I and within said count adds citations to the specific contractual provisions at issue. *See* Amended Complaint at Count I (ECF No. 9).

For ease of judicial review, Lobe alleges in its Amended Complaint:

- For nearly nine months, despite Lobe's multiple overtures to the University, no data from the Study (beyond fleeting email references) was provided to Lobe in breach of Section 6.2 of the Agreement. *See* Amended Complaint (ECF No. 9) at ¶ 23.
- While the University thereafter provided some reporting in the nature of basic accounting data, the University still to this day, despite repeated requests, has not provided ***scientific data*** from testing undertaken in connection with the Study in breach of Section 6.2 of the Agreement. *Id*. at ¶ 25.
- By its breach of contract, the University prevented Lobe from being able to decide if the Study warranted continuation beyond payments already made pursuant to Section 8.1 of the Agreement. *Id*. ¶ 27.
- The University acted in bad faith and breached the parties' Agreement by not delivering all interim results from the Study and yet insisting on full payment. *Id*. at ¶ 30.
- As a result of the University's breaches of contract, Lobe has suffered damages in the amount of $758,853.60. *Id*. at ¶ 33.

---

[4] This "belt and suspenders" amendment was calculated not to correct any deficiencies in the original pleading but to move the Court to promptly shut down any further consideration of Defendant's motion.

Given the detail in the original complaint, and contract citation additions included in Lobe's Amended Complaint, Defendant's motion should be denied.

### B. Defendant's Motion to Dismiss Plaintiff's Unjust Enrichment Claim Should be Denied.

Defendant University moves to dismiss Plaintiff's unjust enrichment claim and alleges that since there is an express agreement, Plaintiff's unjust enrichment claim is not permitted.[5] However, Defendant attempts to steamroll over a plethora of governing 11th Circuit and Florida law permitting this very type of alternative pleading. *See Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. Dist. Ct. App.1998)("Plaintiff is not prevented from pursuing the alternative claims of breach of contract, unjust enrichment and promissory estoppel ***in separate counts***")(emphasis added); *see also Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.*, 719 F. Supp. 1072, 1074 (M.D. Fla. 1989) ("Plaintiff agrees with the allegation of the motion that a claim for unjust enrichment is not available where there exists an enforceable agreement. However, Plaintiff alleges that he should be allowed to plead unjust enrichment as an alternative to the breach of contract claim. The Court agrees.").

Under Fed. R. Civ. P. 8(d)(2) entitled "Alternative Statements of a Claim or Defense," a party may set out two or more statements of a claim either in a single count or in separate counts. *Id*. "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." *Id*. In compliance with Rule 8(d)(2), Plaintiff's Amended Complaint includes two separate and distinct claims: one for breach of contract, and another for unjust enrichment. *Dixon v. First Fin. Asset Mgmt.,* No. 12-CV-80953, 2013 U.S. Dist. LEXIS 198745, at *4 (S.D. Fla. Aug.

---

[5] The University does not seriously argue that the elements of an unjust enrichment claim are not present here – nor could it since Lobe alleges it paid the University for data, and the University retained the payment despite not providing Lobe with the data. The same rationale applies for the psilocybin materials that Lobe paid for in furtherance of the Study but it still has received the required results. Therefore, for the sake of brevity Plaintiff does not lay out all the factual predicates present here but reserves the right to discuss further should Defendant attempt to misconstrue its arguments.

21, 2013) ("inconsistent allegations are permitted at this stage of the proceedings—***even if read together they render claims legally impossible***—under Fed. R. Civ. P. 8(d)(2) and (3)")(emphasis added).

Nevertheless, Defendant argues that Plaintiff's unjust enrichment claim should be dismissed because Plaintiff also pleads a breach of contract action. However, while an express contract has been established, it has not yet been established that the particular issue Lobe alleges falls within the ambit of the contract. *See Donnelly v. Circuit City Stores, Inc.*, No. 5:06-cv-387-OC-10GRJ, 2007 U.S. Dist. LEXIS 20571, 2007 WL 896337, at *3 (M.D. Fla. Mar. 22, 2007)("[A]lternate pleading allows for a plaintiff's case to proceed in the face of uncertainty as to the existence of a contract or, perhaps, ***uncertainty as to whether the particular issue at hand falls within the ambit of a contract that otherwise exists***"). Lobe concedes that if the Court finds it is entitled to legal contract damages in the future, it cannot recover under its unjust enrichment claim. However, no such determination has been by this Court. Therefore, Defendant's motion should be denied because Plaintiff's pleading of alternate statements complies with Rule 8(d)(2).

**C.     Defendant's Shotgun Pleading Argument Is Moot and Should Be Denied.**

Shotgun' pleadings are cumbersome, confusing complaints that do not comply with pleading requirements. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). However, Plaintiff's Complaint was not a shotgun pleading. By the nature of Defendant's very motion, Defendant understood Plaintiff's Complaint to bring a breach of contract and unjust enrichment claim showing it was adequately drafted to put Defendant on notice of the particular claims. Defendant may not have liked how the Complaint was set up but it certainly was not drafted in a confusing manner. "[T]he court ought

7

not penalize the litigant for linguistic imprecision in the more plausible allegations." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

Plaintiff has filed an Amended Complaint in order to moot Defendant's shotgun pleading argument. None of the allegations are incorporated by reference and each claim stands alone. Therefore, the Court should deny Defendant's motion to dismiss under shotgun pleading grounds.

IV. **CONCLUSION**

Given the liberal approach to pleading analysis as required of the Court in accord with the ample case law on this issue, the details actually in the pleadings given plain and clear notice of the claims of the Plaintiff, and with the amended complaint of Plaintiff being on file in accord with Fed. R. Civ. P 15(a), Defendant's motion to dismiss should be denied in its entirety.

Dated: March 1, 2023
West Palm Beach, FL

**GIBBONS P.C.**
Attorneys for Plaintiff

s/ Philip W. Crawford
Philip W. Crawford, Esq.
Fla. Bar ID #: 99361
2054 Vista Parkway
Suite 400
West Palm Beach, FL 33411-4309
Direct: 561-537-7600
Fax: 561-584-6875
pcrawford@gibbonslaw.com