IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-20288-Moore/Louis

Lobe Sciences, Ltd.,

       Plaintiff,

v.

University of Miami,

       Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS
COUNT II OF THE AMENDED COMPLAINT**

Defendant, University of Miami (the "University"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss Count II the Amended Complaint (D.E. 9) filed by Plaintiff, Lobe Sciences, Ltd., for failure to state a claim upon which relief can be granted.[1]

---

[1] Although the University is not moving to dismiss Count I of the Amended Complaint, the majority view among the district courts in this circuit is that a motion to dismiss part of a complaint tolls the time for responding to the remainder of the complaint. *See, e.g., Raptor, LLC v. Odebrecht Construction, Inc.*, No. 17-21509-CIV-ALTONAGA/Goodman, 2018 WL 11352677, at *1 (S.D. Fla. Jan. 10, 2018); *Ferk v. Mitchell*, No. 14-21916-CIV, 2014 WL 7369646, at *1 n.1 (S.D. Fla. Dec. 29, 2014); *Salas as Tr. of Salas Children Trust v. Commonwealth Land Title Ins. Co.*, No. 3:21-cv-890-MCR-HTC, 2022 WL 1630988, at *3 (N.D. Fla. Ap. 5, 2022); *Jacques v. First Liberty Ins. Corp.*, No. 8:16-CV-1240-T-23TBM, 2016 WL 3221082, at *1 (M.D. Fla. June 9, 2016); *Beaulieu v. Bd. of Trustees of Univ. of W. Fl*a., No. 3:07cv30/RV/EMT, 2007 WL 2020161,

**OVERVIEW OF PLAINTIFF'S CLAIMS**

In its Amended Complaint, Plaintiff alleges that, on or about September 1, 2020, Eleusian Biosciences Corp. ("Eleusian") and the University executed a Collaborative Research Agreement (the "Agreement"). (D.E. 9 ¶ 5). Plaintiff alleges the University agreed to provide pre-clinical research on behalf of Eleusian related to the treatment of post-traumatic stress disorder and/or traumatic brain injury with PTSD (the "Study"). (*Id.*). Plaintiff alleges the Study was designed to "examine a novel combination" of medications to determine whether they "could be given safely and produce an affect [sic] related to the treatment of PTSD and traumatic injury with PTSD." (*Id.* ¶ 6). Plaintiff alleges that Eleusian and the University agreed to conduct rodent studies to determine the effectiveness of the medicines referenced in the Study documents. (*Id.* ¶ 7). Plaintiff alleges that the documents identified the animal behaviors and reactions to be studied and the criteria to be evaluated and recorded. (*Id.*). Plaintiff alleges that the documents delineated the level of analysis necessary for the University to meet its contractual obligations and the timely tender of Study data, which would allow Eleusian to decide whether to continue funding the Study. (*Id.* ¶ 7, 12).

Plaintiff alleges the following clauses are set forth in the Agreement:

---

at *2 (N.D. Fla. July 9, 2007); *Healy v. RHS Cos.*, No. 6:06-cv-901-Orl-KRS, 2006 WL 3544741 (M.D. Fla. Dec. 8, 2006); *Dotson v. DISH Network, L.L.C.*, No. 2:19-cv-21, 2019 WL 3483806, at *3 (S.D. Ga. July 31, 2019). Accordingly, the University respectfully moves to extend the time to respond to the remaining count that is not the subject of this motion until fourteen (14) days after the disposition of the instant motion. *See Raptor*, 2018 WL 11352677 at *1; Fed. R. Civ. P. 12(a)(4).

- § 4.4 provided that the University was solely responsible for procuring all "drugs and other medical materials" necessary to perform the Study. (*Id.* ¶ 9).
- § 6.2 provided that the University agreed to provide Eleusian "with quarterly written reports as to the status of the [Study] and the Results from the prior quarter." (*Id.* ¶ 10).
- § 6.1 defined "Results" as "all data from testing undertaken in connection with the [study]." (*Id.* ¶ 11).
- § 8.1 contained a termination clause whereby any party could terminate the Agreement if, in its sole judgment, it determined the Study would not achieve a positive outcome. (*Id.* ¶ 12).

Plaintiff alleges that Eleusian agreed to pay the University in installments pursuant to the Agreement, and made the first of three payments totaling $758,853.60, but delayed further payment "given the failures of the University as herein set forth." (*Id.* ¶ 13). Plaintiff alleges that the University refused to provide interim quarterly data and instead demanded full Study payment before releasing any data. (*Id.* ¶ 18).

Plaintiff set forth two cause of action in its Amended Complaint. Count I, for breach of contract, alleges the University breached §§ 6.1, 6.2 and 8.1 of the Agreement, and caused Plaintiff damages in the amount of $758,853.60. (*Id.* ¶¶ 32-33). In Count II, Plaintiff purports to assert a claim for unjust enrichment, based on the University's alleged breach of § 4.4 of the Agreement which Plaintiff alleges required the University to procure all materials necessary for the study. (*Id.* ¶ 34). Plaintiff claims the University was unjustly enriched because Plaintiff paid $50,000 to purchase "additional psilocybin" and the University retained the $758,853.60 payment. (*Id.* ¶¶ 37-39).

**ARGUMENT**

**I.   Legal Standard.**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint "must consist of more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Lattimore v. Wells Fargo Bank, N.A.*, 590 Fed. Appx. 912, 913 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). A "'formulaic recitation of the elements of a cause of action will not do.'" *Simpson v. Sanderson Farms, Inc.*, 744 F. 3d 702, 708 (11th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court must accept the plaintiff's well-pleaded facts as true but need not accept mere legal conclusions. *Brinson v. Welsh*, 709 F. App'x 582, 584 (11th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).

"Plausibility is the key, as the 'well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F. 3d 1327, 1333 (11th Cir. 2010) (quoting *Sinaltrainal v. Coca–Cola Co.*, 578 F. 3d 1252, 1261 (11th Cir. 2009), in turn quoting *Twombly*, 550 U.S. at 570). "In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief." *Gavilan v. Balans, L.C.*, No. 14-22791-CIV, 2014 WL 6979625, at *1 (S.D. Fla. Dec. 9, 2014) (citing *Iqbal*, 556 U.S. at 678).

**II.   Count II Fails to State a Claim for Unjust Enrichment.**

Plaintiff's unjust enrichment claim fails as a matter of law. "The elements of a claim for unjust enrichment are: (1) a benefit conferred on a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for the defendant to retain it without paying the value

thereof." *Hawaiian Airlines, Inc. v. AAR Aircraft Services, Inc.*, 167 F. Supp. 3d 1311, 1323 (S.D. Fla. 2016) (Moore, J.) (citation omitted). "Indeed, '[i]t is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter.' . . . That is so because 'the theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy.' " *Arencibia v. AGA Service Co.*, 2022 WL 1499693, at *3 (11th Cir. May 12, 2022) (citations omitted); *see also Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1290 (S.D. Fla. 2020) ("an 'unjust enrichment claim [is] precluded by the existence of an express contract between the parties concerning the same subject matter.'"). "Florida courts have held that 'a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter.'" *Martorella v. Deutsche Bank Nat. Trust Co.*, 931 F. Supp. 2d 1218, (S.D. Fla. 2013) (quoting *Alberta Ltd. v. Netpaying, Inc*., No. 8:10-CV-568-T-27MAP, 2011 WL 1103635, at *5 (M.D. Fla. March 24, 2011)).

Plaintiff will argue that a party may plead in the alternative for relief under an express contract and for unjust enrichment. *See ThunderWave, Inc. v. Carnival Corp.*, 954 F. Supp. 1562, 1566 (S.D. Fla. 1997). However, "unjust enrichment may only be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid." *Williams v. Wells Fargo Bank N.A*., No. 11-21233-CIV, 2011 WL 4368980, at *11 (S.D. Fla. Sept. 19, 2011) (citations omitted).

Here, Plaintiff cannot maintain its unjust enrichment claim under the facts it alleges because the Agreement, the authenticity of which Plaintiff does not contest, does in fact govern the subject of the parties' dispute. *See State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc*., 2011 WL 6450769, at *5 (M.D. Fla. Dec. 21, 2011) ("[U]pon a showing that an express contract exists between the parties the unjust enrichment . . . count fails.") (quoting

5

*State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 427 F. App'x 714, 722 (11th Cir. 2011)).

While Plaintiff is entitled to plead in the alternative, it has not disputed the authenticity of the contract between the parties. *See Degutis v. Fin. Freedom, LLC*, 978 F. Supp. 2d 1243, 1266 (M.D. Fla. 2013) (Plaintiff's claim for unjust enrichment fails because plaintiff does not contest that there was a valid mortgage contract between the parties and does not allege that the contract is invalid.); *Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.*, 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011) ("As there is a valid express contract that no party challenges, Plaintiff may not recover under unjust enrichment, and may not assert it as an alternative claim under Federal Rule 18."); *Koski v. Carrier Corp.,* 347 F. Supp. 3d 1185. 1196 (S.D. Fla. 2017) ("'where the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal cause of action, it is not a true alternative theory of relief but rather is duplicative of those causes of action' and warrants dismissal.") (quoting *Licul v. Volkswagen Grp. Of Am.,* No. 13-61686, 2013 WL 6328734, at *7 (S.D. Fla. Dec. 5, 2013)).

Moreover, Plaintiff has not pled that any provision of the Agreement governing the dispute is invalid to maintain the unjust enrichment claim in the alternative. *See Williams*, No. 11-21233-CIV, 2011 WL 4368980, at *11. Thus, the unjust enrichment claim is not an "alternative" claim but, rather, is premised on the Agreement itself. That pleading defect mandates dismissal. *See, e.g.*, *Transcon. Ins. Co. v. L.F. Staffing Servs., Inc.*, No. 07-80865-CIV, 2008 WL 11333474, at *7 (S.D. Fla. Aug. 13, 2008) (dismissing unjust enrichment claim that incorporates allegations regarding breach of contract); *Skyventure Orlando, LLC v. Skyventure Mgmt., LLC*, No. 609-CV-396-ORL-19KRS, 2009 WL 2496553, at *6–7 (M.D. Fla. Aug. 12, 2009) (same).

Here, dismissal of Count II is warranted, given the fact that (1) there is no dispute that the relationship between the University and the Plaintiff is contractual in nature; (2) Plaintiff incorporated into its unjust enrichment claim express allegations regarding the existence of the governing Agreement; and (3) the claim is duplicative of Plaintiff's breach of contract claim. For all these reasons, Count II should be dismissed with prejudice.

WHEREFORE, Defendant, University of Miami, respectfully requests entry of an order dismissing with prejudice Count II of the Amended Complaint filed by Plaintiff, Lobe Sciences, Ltd., based on the existence of an express Agreement that governs the dispute, and for such further relief as the Court deems appropriate under the circumstances.

    Respectfully submitted,

    **ISICOFF RAGATZ**
    601 Brickell Key Drive, Suite 750
    Miami, Florida 33131
    Tel: (305) 373-3232
    Fax: (305) 373-3233

    By: /s/ Eric D. Isicoff
        Eric D. Isicoff
        Florida Bar No. 372201
        Isicoff@irlaw.com
        Teresa Ragatz
        Florida Bar No. 545170
        Ragatz@irlaw.com
        Catherine A. Mancing
        Florida Bar No. 23765
        Mancing@irlaw.com

## **CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF this 14th day of March, 2023, upon counsel of record.

/s/ Eric D. Isicoff
Eric D. Isicoff
